JOHNS *v.* THE STATE OF OHIO.

(Decided June 4, 1928.)

*Mr. Charles E. Dornette,* for plaintiff in error.

*Mr. Charles P. Taft, 2nd,* prosecuting attorney, and *Mr. E. J. Corcoran,* for defendant in error.

CUSHING, J. William B. Johns was indicted by the grand jury of Hamilton county. The indictment charged that said Johns did, on or about January 7, 1927, in the county of Hamilton, state of Ohio, unlawfully and with intent to defraud, falsely draw, utter, and deliver to the Sinton Hotel a certain check in the sum of $39.63. The indictment charges that Johns at the time knew he did not have sufficient funds or credit in the Farmers' State Bank of Belvidere, Ill., to pay said check.

Johns was found guilty as charged in the indictment and this action is prosecuted to reverse the judgment of the court of common pleas.

Johns did not deny signing, uttering, and publishing the check, or receiving the money thereon; nor did he claim that he had any credit with the bank. His excuse was that Amee Kipp had undertaken to raise and deposit to his account the sum of $500. It is also clear from the record that, although said Amee Kipp was in business, she had gone through bankruptcy, and either could not or did not deposit the money, as Johns claimed she had agreed to do.

Section 710-176, General Code, provides:

"Any person who, with intent to defraud, shall make or draw or utter or deliver any check, draft or order for the payment of money upon any bank or other depository, who, at the time thereof, has insufficient funds or credit with such bank * * * shall be guilty of a felony * * *."

It is admitted that Johns did not have the funds

or credit with the bank. "Credit" has been defined to be a contract with the bank. If Johns had had credit with the bank, he would have been relieved of the liability imposed by the statute for issuing a check against insufficient funds.

It is not claimed by Johns that he had any credit with the bank. There is no dispute that there were not sufficient funds.

We find no error in the record prejudicial to the plaintiff in error.

*Judgment affirmed.*

HAMILTON, P. J., and MILLS, J., concur.